WILLIAM T. GILBERT, as Receiver of THE COMMERCIAL ALLIANCE
LIFE INSURANCE COMPANY, Appellant, *v.* THOMAS C. PLATT, as
President of THE UNITED STATES EXPRESS COMPANY, Respondent.

*Insurance company — it cannot, in one action, set up a release as a defense to its
policy, and in another recover the consideration paid by it for such release.*

An insurance company, in consideration of the surrender of a policy of insur-
ance and a release by the beneficiary named therein, delivered a certified check
to an express company from which it received such policy and release, and in
an action subsequently brought by the beneficiary (who refused to accept such
check from the express company) to recover the full amount of the policy, it
set up the release as a defense.

Pending such action the insurance company demanded the check from the express
company, which refused to deliver it; whereupon the express company was
sued for the amount of the check by the insurance company, and shortly there-
after by the beneficiary, the latter of whom recovered judgment and obtained
the check.

*Held,* that the insurance company could not occupy the dual position of repudi-
ating the settlement and claiming the check in one action, and setting up the
release and the payment of its consideration as a defense in another action, and
that it was not entitled to recover in the action brought by it against the
express company.

APPEAL by the plaintiff, William T. Gilbert, as receiver of the
Commercial Alliance Life Insurance Company, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of New York on the 21st day of May,
1896, upon the verdict of a jury rendered by direction of the court
after a trial at a Trial Term of the Supreme Court held in and for the
county of New York, and also from an order entered in said clerk's
office on the 14th day of May, 1896, denying the plaintiff's motion for
a new trial made upon the minutes.

*Henry D. Hotchkiss,* for the appellant.

*Francis G. Kimball,* for the respondent.

VAN BRUNT, P. J.:

In 1893 Hannah E. Helm of Colorado made a claim against the
Commercial Alliance Life Insurance Company as beneficiary under
two policies of insurance. The insurance company seems to have dis-
puted this claim, and some negotiations for a compromise had been

entered into between the insurance company and said Hannah E. Helm. In November, 1893, Mrs. Helm delivered to the United States Express Company at Colorado Springs, Col., the two policies of insurance and a release of all claims thereon, with instructions to deliver the same to the insurance company and to collect from it $2,000, the consideration named in the release. The express company delivered the policies and release to the insurance company on or about November 17, 1893, and received its certified check, drawn on the New York Produce Exchange Bank, payable to the order of said Hannah E. Helm, for $2,000. Thereafter, and about December 8, 1893, the express company tendered said check to Mrs. Helm at Colorado Springs, who refused to accept the same, saying that the return should have been made in cash. Thereupon the express company obtained $2,000 from the insurance company, and on or about the 30th of January, 1894, tendered the same to Mrs. Helm at Denver, Col., but she refused to accept the same. The $2,000 received from the insurance company was returned to that company, but the express company retained possession of the certified check to the order of Mrs. Helm.

In February, 1894, Mrs. Helm brought an action in Colorado against the insurance company to recover the full amount of said policies, and the insurance company defended the suit, and in its answer, verified March 22, 1894, set up, amongst other defenses, the aforesaid release.

In April, 1894, the express company tendered back to the insurance company the check in question and demanded a return of the policies and release; but the insurance company refused to accept the check or to return the papers. In her reply to the above answer, verified June 15, 1894, Mrs. Helm, in avoidance of said release, alleged that it was obtained from her by fraud. This action was still pending at the trial of the present action.

On the 3d of November, 1894, the plaintiff in this action was appointed temporary receiver of said insurance company in an action brought by the People to dissolve the same for insolvency.

On the 5th of November, 1894, the plaintiff as such receiver demanded the certified check from the express company, but did not at this time offer to return the policy and release. On the 26th of December, 1894, Mr. Kimball, the attorney for the express com-

pany, was in Denver, where he met the attorney representing Mrs. Helm, who at that time demanded from Kimball the delivery of the check to Mrs. Helm. On the 10th of January, 1895, a final judgment of dissolution was entered in the above-mentioned action, and the plaintiff was appointed permanent receiver. On the 17th of January, 1895, the receiver caused a further demand for the check to be made upon the express company, and accompanied the same with formal tenders of the policies and release. On the 30th of January, 1895, the receiver commenced this action against the express company for the amount of said check. On the 20th of February, 1895, Mrs. Helm commenced an action in Colorado against the defendant to recover the sum of $2,000, and in April, 1895, a judgment was rendered against the defendant in said action for $2,000 and costs, and the certified check in question has been delivered to Mrs. Helm by the defendant in part satisfaction of said judgment. The plaintiff in this action was not in any way brought into the action in which such judgment was rendered.

Upon the foregoing facts the court directed a verdict for the defendant and denied the motion for a new trial.

It is somewhat difficult to see upon what grounds the plaintiff formulates his right of action against the express company in this case. In this action the insurance company repudiates the settlement and claims the check, and in the action in Colorado it sets up the existence of the release and the payment of its consideration as a defense. Now, it cannot be permitted to occupy this dual position; either it must abandon the release or it must abandon the money. It is at the present time claiming absolution from liability upon these policies of insurance because of the release, and it is claiming from the express company in this action the money by which it purchased such absolution.

With the dispute between Mrs. Helm and the express company the insurance company has nothing to do. Nor has it anything to do with the reasons which actuated Mrs. Helm in refusing to receive the check as between her and the express company. When the express company tendered the check to the insurance company it refused to accept the same. It is true that subsequently the receiver of the insurance company demanded the check, but then the express company was not willing to surrender it. In the case

of a contract entered into between parties, it cannot be rescinded by the volition of one. Unless fraud or mistake has intervened, such contract can only be rescinded by mutual consent, and it appears from the evidence in this case that no such mutuality existed at any given time. When one party was willing to rescind, the other was unwilling, and, as a consequence, there was no meeting of minds. In this condition of affairs, Mrs. Helm sues upon her policies, and the defendant sets up the release, claiming under it; and in this action they claim from the express company, as already stated, the only thing which gives the release vitality. If the plaintiff succeeds in this case and recovers the $2,000 from the express company, and then Mrs. Helm is unable to prove that the release was obtained by fraud, they would succeed in the Colorado suit, and the result would be that they would get their release without paying a cent for it. The mere statement of this proposition seems to indicate that the insurance company were bound, before they commenced this action, at least, to have surrendered all right and claim by reason of the release. But, as they have affirmed it and reaffirmed it, they cannot now claim, in this action against the express company, to recover the fruits of the release.

The judgment and order should be affirmed, with costs.

BARRETT, RUMSEY, WILLIAMS and PATTERSON, JJ., concurred.

Judgment and order affirmed, with costs.